# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION



RECEIVED
2020 JAN 10 AM 9:44
CLERK U.S. DIST. COURT
WEST. DIST. OF MO.
KANSAS CITY, MO.

Craig Nelsen )
)
)
)
)
)
Plaintiff, )    4:20-CV-00022-JTM
)
)
)
)
Bill Sellars )
)
)
Defendant . )
)
)
)
)
)
)

√   **JURY TRIAL REQUESTED**

# COMPLAINT

Plaintiff pleads *pro se:* This is an action alleging false light invasion of privacy under the Restatement (Second) of Torts, Section 652(A)(2)(d) arising out of the Defendant's attribution to Plaintiff a piece of writing that was not actually written by Plaintiff. The false attribution was published on the Facebook group Lexington Bulletin Board and published in Missouri. As detailed herein, Plaintiff is entitled to compensatory and punitive damages as a result of Defendant's actions. All events giving rise to Plaintiff's cause of action occurred in Missouri, such that Missouri substantive law applies to Plaintiff's claims. Plaintiff requests a jury decide these claims.

# PARTIES

**NELSEN (Plaintiff)**

Plaintiff **Craig Nelsen** is the founder of the Robinson Jeffers Boxing Club and owner of robinsonjeffersboxingclub.com and is a natural person and private citizen residing at the time of the causes of action described herein in Lexington, Missouri.

**SELLARS (Defendant)**

Defendant **Bill Sellars** the author of the false attribution that portrays Plaintiff in a false light is a natural person and resident of Loudoun County, Virginia.

# JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. Sec. 1332 (a)(1) in that the matter in controversy exceeds $75,000 exclusive of costs and interest, and is between citizens of different states.

2. This Court has personal jurisdiction over Defendant as the cause of action arose out of conduct occurring in Lafayette County, Missouri and covered by Missouri's long arm statute and

Defendant has had sufficient minimal contacts with Missouri to satisfy the requirements of due process.

3. Venue is proper pursuant to 28 U.S.C. Sec. 1391 (a)(2) as a substantial part of the events giving rise to this action occurred in Lafayette County, Missouri. The false attribution alleged was broadcast over the Internet and targeted residents of Lafayette County, Missouri. The false attribution concerned an undertaking in Missouri, and it was felt most keenly by and had the greatest meaning for the residents of Lexington, Missouri.[1] Moreover the harm flowing out from Defendant' false attribution and the consequent false light washed first over some of Missouri's most vulnerable; specifically, it deepened the despair of men sinking into addiction, distress, and suicide.

## STATEMENT OF FACTS

4. On September 7, 2017, Plaintiff wrote a letter to Defendant seeking his help in his capacity as the former head of the Wentworth Military Academy in Lexington, Missouri (Attachment A). In the letter, Plaintiff described his vision for the Robinson Jeffers Boxing Club, his theory explaining the reason for the disproportionate number of sufferers among white males, how the program would help men in distress, and wondered whether Defendant would be interested in the effort. The letter was clear in stating the program would be open to men of all races.

5. Defendant did not respond to Plaintiff's letter.

6. On, or about, January 14, 2018, Missouri resident Deborah Starke Bulloc discovered an old Southern Poverty Law Center smear of Plaintiff in which Plaintiff was called names. Starke-

---
1 Baldwin v. Fischer-Smith, 315 S.W.3d 389, 391–92 (Mo. Ct. App. 2010).

Bulloc posted the smear on the Lexington Bulletin Board Facebook group.

7. Some Lexington residents echoed the name-calling.

8. Defendant joined in. At 1:43 pm on January 14, 2018, Defendant posted to the group

> *Below is directly quoted language from a letter I received in September 2017 from the owner of the boxing/opioid addiction program, who had originally wanted to purchase the Wentworth campus for this program but is now hoping to use the old Pat's Quik Stop/Snooz You Lose building. Very troubling. Please read it:*

after which he posted the "directly quoted language" of the letter.

9. Regrettably, while Defendant included the paragraph:

> *The Robinson Jeffers Boxing Club is a 13-week, residency treatment program for 234 men focusing on the particular needs of the high IQ white male heroin addict. It is a for-profit venture. It will accept no direct public funding. Every Sunday, another 18 addicts (called students) will enter the program. The cost will be about $150 per week per student.*

Defendant left out the footnote attached to that paragraph:

> *While the program will address the particular challenges faced by white men, we will accept males of any race with a heroin addiction and who are seeking help.*

10. On October 21, 2019, Plaintiff sent another letter (Attachment B) to Defendant notifying

Defendant of his intention to file suit against him for the false attribution that placed Plaintiff in a false light, and offering Defendant an opportunity to make a public apology and admission to avoid litigation. Once again, Defendant did not respond.

## **CAUSE**

**False light invasion of privacy.**

11. One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.[2]

12. The Missouri Supreme Court acknowledged false light invasion of privacy was an actionable tort in Missouri when, in a case in which it refused to recognize a false light claim, it wrote "[i]t may be possible that in the future Missouri courts will be presented with an appropriate case justifying our recognition of the tort of 'false light invasion of privacy.' The classic case is when one publicly attributes to the plaintiff some opinion or utterance, whether harmful or not, that is false, such as claiming that the plaintiff wrote a poem, article or book which plaintiff did not in fact write."[3]

13. The omission of that last sentence (¶9) changes the meaning of the paragraph. It changes the impression of the Plaintiff held by readers. Without that last sentence, the paragraph is a new paragraph; it is false and is one Plaintiff would not, and did not, write.

---

2   Restatement (Second) of Torts §652E
3   Sullivan v. Pulitzer Broadcasting Co., 709 S.W.2d 475 (Mo. 1986) (en banc),

5 of 7

Case 4:20-cv-00022-JTM   Document 1-1   Filed 01/10/20   Page 5 of 7

14. The paragraph Defendant falsely claimed was the Plaintiff's "directly quoted language" left the false impression with the typical reader that the program Plaintiff and his business partner, who is black, were trying to start was a "whites-only" program.

15. That Defendant intended that false attribution to put Plaintiff in the most negative light possible and was motivated by malice was made clear by other public statements he made in the same public forum, including when he publicly called Plaintiff's business partner, Davis, a bigot.

16. The actions of Defendant, as set forth above, were outrageous because it bathed Plaintiff in a false light that led readers to believe Plaintiff could be a white supremacist and a racist opening a whites-only club in their small town.

17. The conduct of Defendant was outrageous because he knew the paragraph he posted as "directly quotable language" was not, in fact, directly quoted—that it lacked the key sentence from the actual paragraph Plaintiff authored, which completely changed the meaning.

18. Defendant showed complete indifference to or conscious disregard for the rights of others, such as Plaintiff herein, thereby justifying an award of punitive damages against Defendant in an amount sufficient to punish Defendant and to deter Defendant and others from like conduct.

19. As a direct and proximate result of the actions of Defendant described herein, Plaintiff sustained and will in the future continue to sustain, the following injuries and damages (the exact amount of which is unknown at this time): humiliation, public contempt, ridicule, aversion, disgrace, emotional distress and anxiety, loss and damage to his reputation (both personally and professionally), a loss of his enjoyment of life, a loss of income which will continue into the

future, his earning ability has been permanently impaired, and an evil opinion of him has been induced in the minds of right-thinking persons, and deprived him of their friendly intercourse in society.

## DEMAND

20. WHEREFORE, Plaintiff prays for an award for damages against Defendant in an amount of $1,500,000 and punitive damages against Defendant, statutory and other interest, Plaintiff's costs and for such other and further relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:_____

Signature of Plaintiff _____

Printed Name of Plaintiff_____